HARRY W. LOTHROP, Adm'r.

*vs.*

WOODFORD'S CONGREGATIONAL PARISH, et als.

Cumberland.    Opinion March 25, 1920.

*Will. Codicil. Contingent interest. Presumption against intestacy one of fact only. Remainderman. Bequest or devise on a contingency, which does not happen, is not effective.*

Appeal from decree of sitting Justice on bill in equity praying for construction of a will.

· *Held:*

1. That the bequest and devise to the Woodford's Congregational Parish, having been made expressly on a contingency which did not happen, did not take effect.

· Appeal from the decree of a single Justice in a, bill in equity, brought by the administrator asking for the construction of the will with codicil, of Eben T. Harmon, having been heard on bill and answer. Appeal dismissed with additional costs to be determined by the court below and to be paid out of the fund in question.

Decree below affirmed.

The case is stated in the opinion.

*Snow & Snow,* for complainant.

*Clifford E. McGlauflin,* for Woodford's Congregational Parish.

*John H. Pierce,* for all other respondents.

SITTING: SPEAR, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

PHILBROOK, J. This is a bill in equity for the construction of the will of Eben T. Harmon. Hearing below resulted in the following findings and decree, from which decree appeal was taken by the Woodford's Congregational Parish.

Findings by the court.

"This case came on to be heard on the sixteenth day of September, 1919, on Bill and Answer, each party being represented by counsel. After hearing the Court makes the following findings:

By a codicil to his will Eben T. Harmon, after giving a life interest in all the residue and remainder of his estate to his wife, gave to Lucy Pettengill a contingent interest in 1-12 of the residue of his estate upon her surviving both himself and wife. In case she failed to survive the testator the Woodford's Congregational Church was made the beneficiary of said 1-12 interest, but in case said Lucy Pettengill survived the testator but did not survive his wife, no disposition of the 1-12 interest was in terms made by the will or codicil.

The church contends that the general intent to dispose of all his property by this codicil is apparent from the whole will and codicil, that the presumption against intestacy should prevail, and to carry out the testator's intent the word "I" should be changed to read, "We," so that no property would then remain undisposed of by the will. The presumption against intestacy, however, is only one of fact, and is overcome by the plain language of a will; and the language in this codicil is clear, if allowed to stand, that the testator either purposely or by omission, has failed to dispose of all his property by the will and codicil under the conditions which have arisen.

After the death of his wife the testator divided his property into five parts. The disposition of two of the parts was vested in the remainderman after the death of the testator, so that in case of the death of the remainderman, provided she survived the testator, before the death of the testator's wife, the legacy passed to the heirs of the remainderman. In other words if she survived the testator, she took a vested remainder. In case, however, the remainderman failed to survive the testator in the first two instances the Woodford's Congregational Church was substituted in the first instance, and the children of the remainderman, in the second instance.

In the two following cases a different provision was made. The remainder in the first taker after the termination of the life estate was made contingent upon the remainderman surviving both the testator and his wife and in case of a failure to survive them both, in the one case the children of the remainderman were to take, and in the other, the Woodford's Congregational Parish.

The providing for both contingencies in other parts of the codicil, viz: of surviving himself and of surviving both himself and wife may be taken as strong, if not conclusive, evidence that the testator knew or was advised of the different results attached to such provisions and that in any case they were made advisedly, and that for some reason

unknown to the court and known only to himself the testator did not provide for the disposal of this part of his estate in the contingency which has happened.

In the face of the use of the same contingency in other parts of the codicil as exists in the clause in question, though no intestacy would result in any other case, we do not feel that the general intent to dispose of all his property is so clear, or the presumption against intestacy is so strong as to warrant the court in making such a change as is necessary to carry out the contentions of the church.

Reasonable costs to be paid out of the fund in question, to be determined by the court.

Decree in accordance with the above findings."

The decree, based upon these findings is as follows: "This cause came on to be heard this day on bill and answer and was argued by counsel; and thereupon consideration thereof it is ordered, adjudged and decreed, as follows, viz:

The bequest and devise to the Woodford's Congregational Parish under the clause of the will in question, having been made expressly on a contingency which did not happen, did not take effect, and therefore no effective disposition of said one-twelfth having been made, said one-twelfth part thereof became intestate property and descended to those entitled to the same under the Statute of Distribution at the time of the decease of said Eben T. Harmon.

Reasonable costs to be paid out of the fund in question to be determined by the Court."

After careful consideration of the contentions of the parties we are of opinion that the findings of the court below are correct and we adopt them.

> *Appeal dismissed with additional costs to be determined by the court below and to be paid out of the fund in question.*
>
> *Decree below affirmed.*